THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JARIN SWEAT and JUSTIN TURNER,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN ECONOMY INSURANCE COMPANY, a corporation<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-00043-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs Jarin Sweat and Justin Turner's ("Plaintiffs") motion to compel appraisal and stay proceedings.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. For the reasons set forth below, the court denies Plaintiffs' motion without prejudice.

## BACKGROUND

Defendant American Economy Insurance Company ("American Economy") insured Plaintiffs' home and property under a homeowners insurance policy ("Policy") with effective dates of coverage from April 12, 2022 through April 12, 2023.[3] Plaintiffs allege that their

---

[1] ECF No. 5.

[2] ECF No. 11.

[3] *Id.* at 1.

property suffered direct physical loss from wind and/or hail and interior water damage during the effective dates of the Policy.[4] Thereafter, American Economy inspected Plaintiffs' property and issued a partial denial letter the same day citing "general wear and tear to the wood shakes," not wind and/or hail.[5] In its partial denial letter, American Economy stated that the "policy extends coverage for the damages caused by the sudden penetration of water," but "does not pay for the costs associated with repairs to the roof" because such damages were caused by "wear and tear."[6] Thus, American Economy paid only for damages related to water penetration.[7] Plaintiffs disagreed with American Economy's evaluation of the amount of covered damages and hired a public adjuster, who provided his estimate to American Economy and identified the parties' disagreement over the covered loss.[8] Plaintiffs then sought to invoke the Policy's appraisal provision,[9] which provides as follows:

> Appraisal. If you and we do not agree on the amount of the loss, including the amount of actual cash value or replacement cost, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of you or the company after notice of hearing to the non-requesting party by certified mail, such umpire shall be selected by a judge of a court of record in the county in which the property covered is located. The appraisers shall then appraise the loss, stating separately the actual cash value or replacement cost of each item, and failing to agree, shall submit their

---

[4] *Id.* at 2.

[5] ECF No. 12 at 3.

[6] *Id. See also* ECF No. 12-2 at 1.

[7] ECF No. 12-2 at 1.

[8] ECF No. 11 at 2.

[9] *Id.*

> differences, only, to the umpire. An award in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of loss. Each party will:
>
> a. pay its own appraiser; and
>
> b. bear the other expenses of the appraisal and umpire equally.
>
> In no event will an appraisal be used for the purpose of interpreting any policy provision, determining causation or determining whether any item or loss is covered under this policy. <u>If there is an appraisal, we still retain the right to deny the claim</u>.[10]

In response to Plaintiffs' demand for a non-binding appraisal, American Economy's adjuster issued a letter to Plaintiffs stating that American Economy saw "no dispute of which the appraisal process is applicable" because the "appraisal process does not apply to 'coverage' disputes."[11] Thus, American Economy states it denied appraisal because no dispute existed regarding amount of loss, but rather, coverage.[12]

Plaintiffs then initiated this action alleging claims of declaratory relief and/or petition to compel appraisal, breach of contract, and breach of duty of good faith and fair dealing.[13] In support of their request for declaratory relief and/or petition to compel appraisal, Plaintiffs allege that the parties have a "justiciable controversy regarding the interpretation of the Policy's Appraisal provision as Defendant's written position on the Parties' ability to proceed with appraisal appears contrary to the terms of the Policy."[14] Consistent with their first cause of

---

[10] ECF No. 12-1 at 33 (emphasis added).

[11] ECF No. 11-2 at 2.

[12] ECF No. 12 at 5.

[13] ECF No. 1-1.

[14] *Id.* at 5.

action, Plaintiffs' prayer for relief in the complaint seeks a court order for an appraisal according to the above-quoted terms of the Policy.[15]

## ANALYSIS

Plaintiffs' motion to compel appraisal is procedurally improper because it seeks judgment as a matter of law on Plaintiffs' first cause of action. "'An insurance policy is merely a contract between the insured and the insurer.'"[16] Here, Plaintiffs have sued American Economy for breach of contract for not providing the requested appraisal under the terms of the Policy, and, as a remedy, Plaintiffs ask the court to specifically enforce the Policy's appraisal provisions. Thus, to order an appraisal, the court must determine that Plaintiffs are entitled to judgment as a matter of law on their first cause of action (i.e., breach of contract for failure to appraise) *and* that specific performance is the appropriate remedy for that breach. Accordingly, this motion is not some interlocutory motion but one that requires the court to fully and finally rule on at least one of Plaintiffs' claims. That is textbook partial summary judgment.

Nevertheless, Plaintiffs cite opinions from other courts that have granted these "motions for appraisal" before summary judgment.[17] However, these decisions are not persuasive for at

---

[15] *Id.* at 10.

[16] *Equine Assisted Growth & Learning Ass'n v. Carolina Cas. Ins. Co.*, 2011 UT 49, ¶ 8, 266 P.3d 733 (quoting *Benjamin v. Amica Mut. Ins. Co.*, 2006 UT 37, ¶ 14, 140 P.3d 1210).

[17] *Providence Condo. Assoc. v. Travelers Indemn. Co. of America*, No. 1:20-cv-02659, 2021 WL 12302697, at *5 (N.D. Ill. Feb. 19, 2021) ("Motions to compel appraisal ought to be treated similarly to motions to compel arbitration, which do not require the movant to file its motion as a motion for summary judgment on the pleadings or as a motion for summary judgment."); *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, No. 2:18-cv-779-FtM-99UAM, 2019 WL 2281678, at *2 (M.D. Fla. May 29, 2019) ("Unlike a summary judgment motion, a determination of whether appraisal is appropriate does not determine whether there is a genuine disputed material fact or whether the moving party is entitled to judgment.").

least two reasons. First, the Federal Rules of Civil Procedure do not provide any basis for a court to rule on the merits of a plaintiff's cause of action and impose a remedy by motion except through summary judgment.[18] Second, contrary to the courts on which Plaintiffs rely, a motion to compel appraisal is far different than a motion that seeks to compel arbitration. When a court grants a motion to compel arbitration, the court is not granting affirmative relief on any of the parties' claims or counterclaims. By illustration, to prevail on a motion to compel *arbitration*, a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) refusal by the opposing party to participate in arbitration.[19] Conspicuously absent from this judicial inquiry are the merits of any claim or the remedy.

Conversely, Plaintiffs' motion to compel an appraisal does not ask the court to allow another entity to resolve the parties' dispute. No, granting Plaintiffs' appraisal motion requires *this court* to determine that American Economy breached its contract by withholding an appraisal—as alleged in Plaintiffs' first cause of action—and then asks the court to order American Economy to specifically perform under its contract by conducting that appraisal. Thus, likening a motion to compel arbitration to the instant motion to compel non-binding appraisal is flawed because to grant the appraisal motion, the court necessarily must decide the merits of a

---

[18] Indeed, the closest the Federal Rules of Civil Procedure come to allowing a court to rule on the merits of a party's claim before final judgment is under Fed. R. Civ. P. 65(a) and (b). But even a temporary restraining order or preliminary injunction is not a full and final adjudication of the merits of a claim that allows the court to grant a party its requested relief. *Diversified Mortg. Investors v. U.S. Life Ins. Co. of New York*, 544 F.2d 571, 576 (2d Cir. 1976) (stating that a preliminary injunction "is not an adjudication on the merits, and it should not grant relief properly awarded only in a final judgment."). This court is loath to create a type of hybrid order not authorized under the Federal Rules of Civil Procedure that is allegedly interlocutory in nature but still fully and finally decides a cause of action on its merits.

[19] *See, e.g.*, *Clements v. Alto Trust Co.*, 685 F. Supp. 3d 1249, 1257 (D.N.M. Aug. 4, 2023).

claim in Plaintiffs' case instead of merely sending the case to some other entity to decide on the merits.[20] Consequently, the authority Plaintiffs cite is not persuasive, and Plaintiffs' motion should be treated as a motion for partial summary judgment under Fed. R. Civ. P. 56.

As a motion for partial summary judgment, Plaintiffs' motion to compel appraisal fails to comply with the requirements of Fed. R. Civ. P. 56 and DUCivR 56-1. Among other requirements, "[t]he moving party must cite with particularity the evidence in the Appendix that supports each factual assertion."[21] Plaintiffs fail to provide evidence and citations to evidence in support of their factual contentions in the motion to compel appraisal. Accordingly, even if the court were to look past this deficiency, Plaintiffs' motion does not make any legal arguments that would allow the court to hold that American Economy breached the contract or that specific performance is warranted as a matter of law. Consequently, the court must deny the motion without prejudice.

## ORDER

Plaintiffs' motion to compel appraisal and stay proceedings[22] is DENIED WITHOUT PREJUDICE because Plaintiffs may seek their requested relief through a properly filed motion under Fed. R. Civ. P. 56 and DUCivR 56-1.

---

[20] Appraisal would look far more like arbitration if the appraisal clause in the Policy were binding on the parties. However, appraisal here carries no such gravitas. Instead, either party may ignore it and seek their own remedies. Although going through the appraisal process may help the parties obtain information that would be useful to resolving their dispute, non-binding appraisal is not the same as arbitration. *See, e.g.*, *Miller v. USAA Cas. Ins. Co.*, 44 P.3d 663, 673 (Utah 2002).

[21] DUCivR 56-1.

[22] ECF No. 11.

IT IS SO ORDERED.

DATED this 15th day of May 2025.

                                        BY THE COURT:

                                        JARED C. BENNETT
                                        United States Magistrate Judge